


1  McGREGOR W. SCOTT
   United States Attorney
2  YOSHINORI H. T. HIMEL #66194
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2760

5  Attorneys for Petitioner, UNITED STATES OF AMERICA

8          IN THE UNITED STATES DISTRICT COURT FOR THE
9                EASTERN DISTRICT OF CALIFORNIA

10                              1:05-CV-302 REC DLB

| | |
|---|---|
| UNITED STATES OF AMERICA, | ~~1:05cv258-REC-DLB~~ |
| Petitioner, | **FINDINGS AND RECOMMENDATION RE: TAX SUMMONS ENFORCEMENT** |
| v. | Taxpayer: Bakersfield Properties & Trust Co. |
| JEAN ANNETTE LIASCOS, | DATE: June 17, 2005 |
| Respondent. | TIME: See below<br>CTRM: 5 (3rd Fl., DLB) |
| | ~~1:05cv285 REC DLB~~ |
| UNITED STATES OF AMERICA, | Taxpayers: Aligned Enterprises Trust and Alpha Omega Trust |
| Petitioner, | |
| v. | DATE: June 17, 2005<br>TIME: See below |
| LORNE McCAN, | CTRM: 5 (3rd Fl., DLB) |
| Respondent. | |
| UNITED STATES OF AMERICA, | ~~1:05cv290 REC DLB~~ |
| Petitioner, | Taxpayers: V. Steven Booth and Louise Q. Booth, Aligned Enterprises Trust, Alpha Omega Trust, and San Joaquin Wellness and Medical Group |
| v. | |
| V. STEVEN BOOTH and LOUISE Q. BOOTH, | DATE: June 17, 2005<br>TIME: See below |
| Respondents. | CTRM: 5 (3rd Fl., DLB) |

1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>JOHN INNIS, JR.,<br><br>Respondent. | 1:05cv302 REC DLB<br><br>Taxpayers: V. Steven Booth and Louise Q. Booth<br><br>DATE: June 17, 2005<br>TIME: See below<br>CTRM: 5 (3rd Fl., DLB) |

## FINDINGS AND RECOMMENDATION

These cases came before the Court on Orders to Show Cause on May 6, 2005. Each of the respondents was personally served with the respective Petition and Order to Show Cause, and each appeared by the timely filing of several writings objecting to enforcement. At the hearing, Yoshinori H. T. Himel appeared for petitioners, and Revenue Agent Fred Chynoweth was present in the courtroom. Respondents did not appear.

The Petitions to Enforce Internal Revenue Service Summonses initiating these proceedings seek to enforce various administrative summonses in aid of Revenue Agent Chynoweth's investigation for tax determination. The Orders to Show Cause shifted to respondent the burden of rebutting any of the four requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964).

The Court has reviewed the petitions and documents in support of tax summons enforcement, the papers opposing enforcement, and the petitioner's reply. In addition, the Revenue Agent provided testimony at the hearing regarding respondents' noncompliance with the summonses when certain of them appeared before him. Based on the uncontroverted declarations of Revenue Agent Chynoweth, the parties' briefs, the hearing, and the entire record, the Court makes the following findings:

(1) This Court has statutory subject matter jurisdiction under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7604. A case or controversy exists.

(2) There is no evidence of fraud by the United States or its employees.

(3) The summonses issued by Revenue Agent Fred Chynoweth to these respondents, seeking testimony and production of documents and records in the respondents' possession,

2

1  were in good faith and for a legitimate purpose under I.R.C. § 7602, that is, for the
2  determination of the correct tax liabilities of the respective taxpayers.
3      (4) The information sought is relevant to that purpose.
4      (5) The information sought is not already in the possession of the Internal Revenue
5  Service.
6      (6) The administrative steps required by the Internal Revenue Code have been
7  followed.
8      (7) There is no evidence of referral of these taxpayers or respondents by the Internal
9  Revenue Service to the Department of Justice for criminal prosecution.
10     (8) There is a question of which, if any, documents might qualify for the Fifth
11 Amendment privilege against self-incrimination. Similarly, issues of whether respondents'
12 answers to the IRS's oral questions might qualify for the Fifth Amendment privilege against
13 self-incrimination may arise during the IRS's questioning. Therefore, to avoid future motions
14 on these issues, the questioning will take place before the Honorable Dennis L. Beck. If Fifth
15 Amendment issues regarding documents or testimony arise during the hearing, they will be
16 ruled upon immediately and the hearing will proceed.

## RECOMMENDATION

18 It is therefore the recommendation of the Magistrate Judge that the IRS summonses
19 issued to respondents be enforced, and that the respondents be ordered to appear in
20 Courtroom 5, on the third floor of the United States Courthouse, 1130 "O" Street, Fresno,
21 California, before Revenue Agent Fred Chynoweth, his designated representatives and/or
22 counsel, at the following dates and times:
23     LORNE McCAN, June 17, 2005, 8:00 a.m.,
24     JEAN ANNETTE LIASCOS, June 17, 2005, 9:00 a.m.,
25     JOHN INNIS, JR., June 17, 2005, 10:00 a.m.,
26     V. STEVEN BOOTH and LOUISE Q. BOOTH, June 17, 2005, 12:30 p.m.,
27 then and there to be sworn, to give testimony, and to produce for examining and copying the
28 books, checks, records, papers and other data demanded by the summonses. The examination

1  shall continue in the same place on July 11, 2005, at a time to be set in writing by Revenue
2  Agent Chynoweth or his designee.

3  These findings and recommendation are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and © and Rule
5  72-304 of the Local Rules of the United States District Court for the Eastern District of
6  California. Within ten (10) days after being served with these findings and recommendations,
7  any party may file written objections with the court and serve a copy on all parties. Such a
8  document should be titled "Objections to Magistrate Judge's Findings and
9  Recommendations." Any reply to the objections shall be served and filed within ten (10) days
10 after service of the objections. The District Judge will then review these findings and
11 recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to
12 file objections within the specified time may waive the right to appeal the District Court's
13 order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14 IT IS SO ORDERED.

15 Dated:  May 9, 2005            /s/ Dennis L. Beck
   3b142a                   UNITED STATES MAGISTRATE JUDGE

4