IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CV-F-05-302 REC/DLB |
| | ) | |
| | ) | ORDER FINDING RESPONDENT TO |
| | ) | BE IN CIVIL CONTEMPT OF |
| Petitioner, | ) | COURT, DIRECTING ISSUANCE OF |
| | ) | BENCH WARRANT FOR |
| vs. | ) | RESPONDENT'S ARREST BY THE |
| | ) | UNITED STATES MARSHAL |
| | ) | SERVICE, DIRECTING UNITED |
| JOHN INNIS, JR., | ) | STATES MARSHAL TO BRING |
| | ) | RESPONDENT BEFORE THE COURT, |
| | ) | ORDERING RESPONDENT CONFINED |
| Respondent. | ) | IN THE FRESNO COUNTY JAIL, |
| | ) | AND ORDERING RESPONDENT TO |
| | ) | PAY COMPENSATORY FINE TO THE |
| | | UNITED STATES |

   Respondent John Innis, Jr. was ordered to appear on August 22, 2005 at 1:30 p.m. and show cause why he should not be found in civil contempt of court.

   No appearance by or on behalf of respondent was made. Upon due consideration of the record in this action and for the reasons set forth herein, the court finds respondent John Innis,

1

Jr. to be in civil contempt of court and issues the sanctions set forth herein.

### 1. **Background**.

The United States Magistrate Judge filed on May 10, 2005 a recommendation that the IRS summons issued against the respondent be enforced and that respondent be ordered to appear at a hearing for the purpose of complying with the summons, during which hearing the validity of any claim of the privilege against self-incrimination to questions posed to the respondent or to documents subject to summons also may be determined.

On May 19, 2005, respondent filed a "Notice of Appeal of Magistrates Findigs [sic] and Recmmendations [sic] Re: Tax Summons Enforcement, and Order re: Privilege Logs."

By Order filed on May 23, 2005 (hereinafter referred to as the May 24 Order or the Summons Enforcement Order), the court deemed respondent's notices of appeal filed on May 19, 2005 to be objections to the Magistrate Judge's recommendation pursuant to Rule 72-303(b), Local Rules of Practice.  The May 23 Order enforced the IRS summons and ordered respondent to appear on June 17, 2005 at 10:00 a.m. in Courtroom 5

> there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons.  The examination shall continue in the same place on July 11, 2005, at a time to be set in writing by Revenue Agent Chynoweth or his designee.  At the hearing before Magistrate Judge Beck, any issues regarding the Fifth Amendment privilege against self-incrimination will be ruled on by Magistrate Judge Beck and the

2

1    hearing will proceed.

2      Respondent then filed a pleading captioned "Notice of
3 Acceptance as True, Returning as True and Firing in Response to
4 United States District Judge's Order Dated May 23, 2005 and In
5 Support of Appeal of United States District Judge's Order Dated
6 May 23, 2005" wherein it is stated in pertinent part:

7     By special appearance, only and not intended
    to constitute an express nor implied waiver
8     of any and all Rights, privileges or
    otherwise that may exist.
9
    Secure party also referred to as general
10     trustee for [named respondent], notifies the
    court for purposes of closure and settlement
11     of the account that the 'Order Deeming
    Respondent's 'Notice of Appeal of Magistrates
12     Findings [sic] and Recommendations [sic]' To
    Be Objections to Findings and Recommendation;
13     Enforcing IRS Summons and Directing
    Respondent to Appear on Friday, June 17, 2005
14     at [specified time] in Courtroom 5' has been
    accepted as true and returned as true and the
15     author has been fired, District Robert E.
    Coyle.
16
This pleading is signed by respondent as "Secured party third
17
party intervener for John Innis, Jr.". Attached to this
18
pleading is a copy of the May 23 Order, which copy is stamped:[1]
19
    I received your offer of attached May 23,
20     2005.  I am accepting your offer as true and
    I am returning Your offer as true for closure
21     and discharge of this Matter.  I am competent
    to handle my own affairs.  I am declaring you
22     incompetent.

23     You are fired.

24 ────────────

25  [1]Respondent filed a similar pleading with respect to the
Magistrate Judge's findings and recommendation that the IRS summons
26 be enforced.

Respondent also filed a pleading captioned:

> Notice of Acceptance for Value and Returning for Value the Order of United States District Judge Robert E. Coyle Dated May 23, 2005 Pursuant To, But Not Limited To, HJR 192 And In Support of Notice of Appeal of United States District Judge's Order Dated May 23, 2005.

In these pleading, respondent, again acting as "general trustee" asserts that the court's May 24, 2005 Order "has been accepted for value and returned for value pursuant to but not limited to HJR 192."

Thereafter, on June 13, 2005, respondent filed a pleading captioned:

> Notice of Appeal of the District Court's Order Dated May 23, 2005. This Appeal is Made to the Ninth Circuit Court of Appeals

The Notice of Appeal to the Ninth Circuit states that the issues for appeal are:

> 1) Whether the District Court had jurisdiction to issue the Order dated May 23, 2005, the entire record considered.
>
> 2) Whether the enforcement of the summons is a violation of the Respondent/Appellants 5th amendment privilege.
>
> 3) Whether the court can force the Authorized Agent to testify on behalf of the respondent, since the respondent is an artificial entity.

Respondent did not move this court for a stay of the Summons Enforcement Order prior to filing the Notice of Appeal to the Ninth Circuit. Respondent did not file a motion for a stay of the Summons Enforcement Order until August 31, 2005.

On June 29, 2005, the United States filed a petition to find

4

respondent in civil contempt for his failure to comply with the May 24 Order.  Attached to this petition is a copy of a letter dated June 14, 2005 addressed to respondent from Assistant United States Attorney Himel, wherein it is stated in pertinent part:

> As you know, Judge Coyle ordered you all to appear, produce documents and testify in Judge Beck's courtroom in the United States Courthouse in Fresno on June 17, 2005.  The notices of appeal filed in your names have no effect on your obligations to comply with Judge Coyle's order in Fresno this Friday.
>
> If you fail to comply, I can ask the United States District Court to hold you in contempt, have you arrested and brought to Fresno, and not release you from custody until you comply.
>
> By copy hereof, I ask that Mr. Kaia inform Ms. Liascos and Messrs. McCan and Innis of this warning.  Thank you for your attention in this matter.

Also attached to the petition is the declaration of Revenue Agent Fred Chynoweth, who avers in pertinent part:

> 4.  At the scheduled times on June 17, 2005, respondents failed to appear.  Although I called for [sic] respondents Innis and Booth that day to ask whether they intended to appear, they did not return my calls.  They neither appeared before me nor contacted me at any time between the Orders and this writing [executed on June 24, 2005], and in particular they never said they were not coming June 17.
>
> 5.  The [Internal Revenue] Service keeps records of employee time spent, by date and case.  As these records reflect, I spent 6 hours on these four cases on June 16, 2005, and 10 hours on June 17, 2005, for a total for those two days of 16 hours.  My gross pay is $38.09 per hour; adding my employer-paid benefits, my agency's total hourly personnel cost for me is $48.45.  16 hours times $48.45

5

        per hour is $775.20 in personnel costs on these cases for those days. A copy of my travel voucher for travel to Fresno for these cases on June 16-17, 2005 is attached ...; it shows a total of $123.94 in travel expenses for the trip to Fresno to receive records and testimony from these respondents. The sum of $775.20 in salary and benefits plus $123.94 in travel expenses is $899.14.

        6. Respondents failure to comply with the Order [sic] continues to the present.

        7. The testimony and the books, records, papers and other data demanded by the summonses still are not in the possession of the Internal Revenue Service.

        8. The testimony and the books, records, papers and other data demanded by the summonses still are needed to determine the correct tax liabilities of Mr. and Mrs. Booth, Aligned Enterprises Trust and Alpha Omega Trust for 1998 through 2002; and of San Joaquin Wellness and Medical Group and Bakersfield Properties and Trust Co. For 2001 and 2002.

Also attached to the petition is the declaration of Assistant United States Attorney Himel, who avers in pertinent part:

        2. This Court, by Orders filed May 23-25, 2005, directed respondents to appear in Judge Beck's courtroom on June 17, 2005 ... The reason the appearances were to be at Judge Beck's courtroom was to have Judge Beck available to decide any questions of respondents' claims of the privilege against self-incrimination. To give Judge Beck the exact questions as to which the privilege was claimed, the United States office retained a court reporter to appear for all four sessions.

        ...

        4. At the scheduled times on June 17, 2005, respondents failed to appear. After the times for appearance by Mr. McCan and Ms. Liascos passed without their appearing,

6

around 9:30 a.m., I called for [sic] respondents Innis and Booth at their workplace to ask whether they intended to appear. They were said to be present but busy. They did not return my calls. They did not call me any time between the Orders and this writing [executed on June 29, 2005], and in particular they never said whether they were coming June 17.

5. I keep records of my time spent on the job. As these records reflect, I spent 7.25 hours on these four cases on June 16, 2005. That time was spent preparing for the respondents' appearances in Fresno, preparing the case files for the trip, taking Amtrak from Sacramento to Fresno, and meeting with the IRS Revenue Agent.

6. I spent 7 hours on June 17, 2005. That time was spent going from the hotel to the federal courthouse, meeting with the IRS Revenue Agent, telephoning the organization where respondents Steven Booth and John Innis work, awaiting respondents at Judge Beck's courtroom, going from the federal courthouse to the Amtrak station, waiting for the train, and taking Amtrak from Fresno to Sacramento. The total for these two days is 14.25 hours.

7. Under the calculation method prescribed by my Department, to arrive at an hourly rate for my work I take the sum of my gross pay of $66.06 per hour, benefits at 23% of gross pay, or $15.19 per hour, and Department overhead of $71.49 per hour. The total rate is $152.74 per hour. For tax cases, I.R.C. § 7430(c)(1)(B)(iii) limits attorney's fees to a figure found in Rev.Proc. 2004-71, Section 3.35, namely $150 per hour. The $150 hourly rate times 14.25 hours comes to $2,137.50 as the cost of my time spent on the cases for the two days.

8. Additionally, a printout of my travel voucher for travel to Fresno for these cases on June 16-17, 2005 ... shows a total of $197.50 in travel expenses.

9. Additionally, a copy of the court reporter's bill for $200.00 in appearance

7

>    fees is attached ...
>
>    10. The sum of the $2,137.50 for my time plus the $197.50 for my travel plus the $200.00 for the court reporter plus the $899.14 in the Declaration of Revenue Agent Fred Chynoweth Re: Civil Content ... is $3,434.14.

On July 15, 2005, the court issued to respondent an Order to Show Cause re Contempt. The Order to Show Cause orders respondent to appear in Courtroom 1 on August 22, 2005 at 1:30 p.m. and show cause:

>    1. Why the respondents, JEAN ANNETTE LIASCOS, LORNE McCAN, V. STEVEN BOOTH, LOUISE Q. BOOTH, and JOHN INNIS, JR., should not be held in civil contempt of this Court for their failure to comply with the 'Orders Deeming Respondent's "Notice of Appeal of Magistrate's Findigs [sic] and Recmmendations [sic]" to Be Objections to Findings and Recommendation; Enforcing IRS Summons and Directing Respondent to Appear on Friday, June 17, 2005 at [times certain] in Courtroom 5' ('Summons Enforcement Orders').
>
>    2. Why the respondents should not be incarcerated and order to pay a daily fine until they comply with the Summons Enforcement Orders, and ordered to pay a compensatory fine to the United States.
>
>    IT IS FURTHER ORDERED that on or before Monday, August 8, 2005 the respondents shall file and serve a written response to the 'Petition Re: Civil Contempt of Orders filed May 23-25, 2005.' Only those issues brought into controversy by the responsive papers and supported by declaration will be considered at the hearing on this Order, and any uncontested allegation in the Petition Re: Civil Contempt will be considered admitted.
>
>    Respondents are hereby notified that a failure to comply with this Order will subject respondents to possible further sanctions for contempt of Court.

1    Since the July 15, 2005 Order was served on respondent,
2 respondent has filed a pleading captioned "Notice of Returning
3 for Cause, Without Dishonor the Court's Order Dated July 15, 2005
4 Re: Contempt" and/or have returned the served copy of the July
5 15, 2005 Order marked "returned for cause without dishonor."  In
6 addition, respondent filed a pleading captioned:

> Notice of: Notice of Appeal Filed in Response
> to the Court's Order Dated May 23-25, 2005.
>
> Notice That This Court Lacks Jurisdiction To
> Enforce Its Order Subsequent to Appeal in the
> Ninth Circuit Court.
>
> Notice That No Agreement Exists Between
> Respondent & The Court Authorizing a Civil
> Contempt & Respondent Does Not Agree To The
> Terms of the Proposed Agreement Dated July
> 15, 2005 Called An Order.

In this pleading, respondent, signing as the "authorized agent", asserts in pertinent part:

> By special appearance, only and not intended
> to constitute an neither [sic] express nor
> implied waiver of any and all Rights,
> privileges or otherwise that may exist.
>
> Authorized agent for [name of specific
> respondent], notifies the court for purposes
> of closure and settlement of the account that
> Notice Of: Notice of Appeal Filed in Response
> To The Court's Order Dated May 23-25, 2005.
>
> Notice That This Court Lacks Jurisdiction To
> Enforce Its Order Subsequent to Appeal In The
> Ninth Circuit Court.
>
> Notice That No Agreement Exists Between
> Respondent & The Court Authorizing A Civil
> Contempt & Respondent Does Not Agree To The
> Terms Of The Proposed Agreement Dated July
> 15, 2005 Called An Order has been filed for a
> special appearance, which is scheduled for
> August 22, 2005, in dept 1 of the Federal

9

1 | Court house [sic], in Fresno, California ....
2 | No other responses to the July 15, 2005 Order to Show Cause
3 | have been filed by respondent. As noted, respondent did not
4 | appear on August 22, 2005.
5 | **2.   Merits of Order to Show Cause Re: Contempt**.
6 | **a.   Jurisdiction**.
7 | Respondent contends that this court lacks jurisdiction to
8 | enforce the Summons Enforcement Order by contempt because
9 | respondent filed an appeal to the Ninth Circuit.
10 | Respondent's position is without merit. Absent a stay
11 | pending appeal, district courts have the authority to enforce
12 | their orders including holding parties in contempt while an
13 | appeal of the underlying enforcement order is pending. See
14 | Maness v. Meyers, 419 U.S. 449, 458-460 (1975); Richmark Corp. V.
15 | Timber Falling Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992);
16 | In Re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1364
17 | (9th Cir. 1987); 26 U.S.C. 7604(b). Here, because respondent did
18 | not apply for and obtain a stay of the Summons Enforcement Order
19 | pending the appeal, his failure to comply with the Summons
20 | Enforcement Order may be sanctioned by contempt.
21 | **b.   Necessary Showing to Avoid Contempt**.
22 | If a person disobeys a specific and definite court order, he
23 | may properly be adjudged in contempt. Shuffler v. Heritage Bank,
24 | 720 F.3d 1141, 1146 (9th Cir. 1983). As explained in In re
25 | Crystal Palace Gambling Hall, Inc., supra, 817 F.2d at 1365:
26 | 'A person fails to act as ordered by the

10

> court when he fails to take "all the reasonable steps within [his] power to insure compliance with the [court's] order []."' ... It does not matter what the intent of the appellants was when they disobeyed the court's order ... Moreover, the contempt need not be willful ... Even though '[t]he sole question is whether a party complied with the district court's order,' a party can escape contempt by demonstrating that he is unable to comply ... Although both Crystal Palace and the shareholders appealed, no stay was obtained. A party cannot disobey a court order and later argue that there were 'exceptional circumstances' for doing so. This proposed 'good faith' exception to the requirement of obedience to a court order has no basis in law, and we reject the invitation to create such an exception.

The party alleging civil contempt must demonstrate by clear and convincing evidence that the parties to be held in contempt violated the court's orders. See Federal Trade Comm'n v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999). The burden then shifts to the alleged contemnors to demonstrate why they were unable to comply. A party's inability to comply with a court's order constitutes a defense to a charge of civil contempt. Id. The purpose of civil contempt is not to punish but "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Whittaker Corp. V. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992). While the court must use the "least possible power adequate to the end proposed," Spallone v. United States, 493 U.S. 265, 276 (1990), it also "must consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing

11

1  about the result desired." Whittaker, id., 953 F.2d at 516.
2  However, footdragging is an important factor in weighing the use
3  of a contempt sanction. See Local 28 of the Sheet Metal Workers'
4  Int'l Ass'n v. EEOC, 478 U.S. 421 476-477 (1986).
5      Here, the record establishes that the United States has
6  demonstrated by clear and convincing evidence that respondent
7  violated the Summons Enforcement Order.  Respondent did not
8  appear on June 17, 2005.  As the court's docket in this case
9  demonstrates, respondent received a copy of the Summons
10 Enforcement Order because respondent filed a pleading stating
11 that the Order "has been accepted as true and returned as true
12 and the author has been fired, Judge Robert E. Coyle" and that
13 the respective respondent is "accepting your offer as true",
14 "returning Your offer as true for closure and discharge of this
15 Matter", that each respondent is competent, that Judge Coyle is
16 declared incompetent and that Judge Coyle is "fired".  As the
17 docket in this case demonstrates, respondent received a copy of
18 the Order to Show Cause re: Contempt because respondent filed a
19 pleading returning the Order to Show Cause re: Contempt "for
20 cause without dishonor", and a pleading stating that this court
21 lacks jurisdiction to hold respondents in contempt because of the
22 appeals, and that no agreement exists between the respondents and
23 the court authorizing civil contempt.  However, as ruled above,
24 because respondent did not seek and obtain a stay of the Summons
25 Enforcement Order pending the appeal, the fact of the appeal is
26 no defense to contempt for failure to comply with the Summons

12

Enforcement Order.  Furthermore, respondent's contentions that there must be an agreement between respondent and the court before respondent can be found in contempt for his failure to comply with the Summons Enforcement Order is frivolous.  This court has statutory and inherent authority to compel compliance with its orders issued to parties appearing before it.  Finally, the only defense to the failure to comply with the Summons Enforcement Order is that respondent was unable to comply.  No such showing has been made to this court.

Therefore, the United States has carried its burden of establishing by clear and convincing evidence that respondent Lorne McCan is in civil contempt of this court by her failure to comply with the Summons Enforcement Order.

### c. **Appropriate Sanction**.

The United States petitions the court to order coercive confinement of respondent until respondent has complied with the Summons Enforcement Order and to impose a compensatory fine of $686.00.[2]

### I. **Coercive Confinement**.

18 U.S.C. § 1826 provides in pertinent part:

> (a) Whenever a witness in any proceeding before or ancillary to any court ... refuses without just cause to comply with an order of the court to testify or provide other information, including any book, paper,

---

[2] The amount sought to be imposed on respondent as a compensatory fine represents respondent's one-fifth share of the total expenses incurred by the United States and described in detail supra.

13

>             document, record, recording or other
>             material, the court, upon such refusal, or
>             when such refusal is duly brought to its
>             attention, may summarily order his
>             confinement at a suitable place until such
>             time as the witness is willing to give such
>             testimony or provide such information.  No
>             period of such confinement shall exceed the
>             life of -
>
>                  (1) the court proceeding ....
>
>                  ...
>
>             before which such refusal to comply with the
>             court order occurred, but in no event shall
>             such confinement exceed eighteen months.
>
>             (b) No person confined pursuant to subsection
>             (a) of this section shall be admitted to bail
>             pending the determination of an appeal taken
>             by him from the order for his confinement if
>             it appears that the appeal is frivolous or
>             taken for delay. ....

The court concludes from the record before it that coercive confinement pursuant to Section 1826 is an appropriate sanction to impose upon respondent for his failure to comply with the Summons Enforcement Order.  The record demonstrates that respondent refuses to comply with orders of this court, including refusing to appear at the Order to Show Cause hearing. Respondent's refusals to comply with court orders are couched in terms establishing respondent's disregard for the authority of this court and evidences that his refusal to comply with the Summons Enforcement Order is a deliberate decision on respondent's part.  The court is persuaded that the harsh sanction of confinement is the only vehicle most likely to coerce respondent into complying with the Summons Enforcement Order.

14

**ii. <u>Fines</u>.**

As noted, the United States also seeks a compensatory fine in the amount of $686.00.

Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior or both. <u>United States v. United Mine Workers</u>, 300 U.S. 258, 303-304 (1947). Compensatory awards are limited "to actual losses sustained as a result of the contumacy." <u>Shuffler v. Heritage Bank</u>, <u>supra</u>, 720 F.2d at 1148.

The court concludes from its review of the declarations filed by the United States and the exhibits attached thereto that the amount requested by the United States represents the losses sustained by the United States as a result of respondent's contumacy. The court further concludes that the sanction imposed on respondent for his civil contempt in failing to comply with the Summons Enforcement Order will also include a monetary award to compensate the United States for respondent's one-fifth share of the losses sustained by AUSA Himel, Special Agent Chynoweth, and the United States in preparing to attend and attending the summons enforcement proceeding scheduled for respondent on June 17, 2005.

ACCORDINGLY:

1. Respondent John Innis, Jr. is found to be in civil contempt of this court by his failure to comply with the Summons Enforcement Order.

15

2. Respondent John Innis, Jr. shall stand committed to and shall be confined in the Fresno County Jail until he purges himself of contempt by complying with the Summons Enforcement Order, the termination of the action, or eighteen months, whichever is earlier, unless sooner discharged from such confinement by due process of law.

3. A warrant of arrest shall now issue in due form for the arrest of respondent John Innis, Jr., directed to the United States marshal for the United States District Court for the Eastern District of California, Fresno Division, and that, when arrested by the marshal, respondent John Innis, Jr. be brought before the Court for a further hearing to determine whether respondent John Innis, Jr. has complied with the Summons Enforcement Order.

4. Respondent John Innis, Jr. shall be entitled to the services of appointed counsel at any further proceedings in connection with this civil contempt proceeding if he establishes that he is indigent and, therefore, entitled to appointed counsel.

5. Respondent John Innis, Jr. shall pay a compensatory fine in the amount of $686.00 to the United States of America, to be paid to the United States Attorney for the Eastern District of California.

IT IS SO ORDERED.

**Dated: September 6, 2005**         /s/ Robert E. Coyle
668554                               UNITED STATES DISTRICT JUDGE

16